UNITED STATES v. ATCHISON, T. & S. F. RY. CO.

(District Court, N. D. California. December 1, 1908.)

1. RAILROADS (§ 229*)—SAFETY APPLIANCE ACT—AUTOMATIC COUPLING.

If a carrier hauls over its line any cars which cannot be coupled automatically by impact, either by reason of being improperly equipped or the equipment being out of order, or disconnected, or otherwise inoperative, the act is in violation of the safety appliance law (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]).

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 229.*

Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

2. RAILROADS (§ 229*)—SAFETY APPLIANCE ACT—COUPLERS.

The safety appliance statute (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]) applies to the coupler on each end of every car subject to the law, and it is wholly immaterial in what condition was the coupler on the adjacent car, or on any other car or cars, to which each car sued upon was or was to be coupled.

[Ed. Note.—For other cases, see Railroads. Dec. Dig. § 229.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. RAILROADS (§ 229\*)—SAFETY APPLIANCE ACT—DUTY TO REPAIR.**

Carriers are required immediately to repair defects in cars caused during the time they are being hauled, if they can do so with the means and appliances at hand at the time and place, or when such condition should have been discovered by the exercise of reasonable care. If requisite means are not at hand, carriers have the right, without incurring the penalty of the law, to haul the defective car to the nearest repair point on their line. But, if they haul such car from a repair point, they are liable for the statutory penalty.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 229.\*]

**4. RAILROADS (§ 229\*)—REPAIR POINTS—DUTY TO MAINTAIN.**

It is the duty of the carrier, subject to the safety appliance act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]), to establish reasonable repair points along its line for the making of repairs of the kind necessary to comply with the law. At such repair points there should be the material and facilities to make all such repairs.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 229.\*]

(Syllabus by the Court.)

Alfred P. Black, Asst. U. S. Atty., and Monroe C. List, Special Asst. U. S. Atty.

C. L. Brown and Horace Pillsbury, for defendant.

DE HAVEN, District Judge (charging jury). You are instructed that section 2 of the safety appliance act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]) imposes upon the defendant an unqualified duty to equip its cars with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars; and, if the defendant hauled over its lines of railroad any cars which could not be so operated, either by reason of being improperly equipped or by reason of the original equipment being out of order or disconnected, or otherwise inoperative, your verdict should be for the government as to each and every car so hauled.

You are instructed that section 2 of the safety appliance act applies to the coupler on each end of every car subject to the law, and it is wholly immaterial in what condition was the coupler on the adjacent car, or on any other car or cars, to which each car sued upon was or was to be coupled. The equipment on each end of every car must be in such condition that whenever called upon for use it can be operated without the necessity of men going between the ends of the cars.

You are instructed that in actions arising under the safety appliance act the government is only required to prove by a fair preponderance of the evidence the existence of the defects as set out in the complaint.

If from the evidence you find that the cars or either of them described in the petition or in some count thereof were equipped with the requisite couplers and grab irons, and that they were in the condition required by the law when they were received by the defendant to be hauled over its line of railroad as stated, but during the time they were being so hauled the couplers or grab irons from any cause became injured or out of repair upon any of the cars so that they were not in an operative condition, then the defendant would be re-

quired to immediately repair said defects, and put the appliances in operative condition if it could do so with the means and appliances at hand at the time and place when and where it discovered their defective and inoperative condition, or when such condition should have been discovered by the exercise of reasonable care on the part of its agents or servants charged with that duty. But, if it did not at such time and place have the requisite means or appliances at hand to remedy such defect and put the couplers and grab irons in operative condition, then it would have the right, without incurring the penalty of the law, to haul such car or cars to the nearest repair point on its line where such defects could be repaired and the appliances put in operative condition. But, if such defective or inoperative condition of the couplers and grab irons existed at a repair point on defendant's line or at a place where such defects could have been remedied, then, if it hauled said car or cars from such place in such condition, it would do so at its peril, and be liable for the statutory penalty for so hauling or using such car described in any count of the petition.

You are instructed that it is the duty of a railroad company, subject to the provisions of the safety appliance act, to establish reasonable repair points along its line of railway for the making of repairs of the kind necessary to comply with the law—that is to say, repair points at places where they are reasonably required—that it is also the duty of such railroad company to have on hand at such repair points the material and facilities necessary to make all such repairs, and that such railway company must use reasonable foresight in providing material and facilities for such purpose; and, if the jury believes that the defendant hauled any car defective as to safety appliances over its line of railroad from any such repair point, where by the exercise of reasonable diligence and foresight such repairs could have been made, your verdict should be for the government as to each and every car so hauled.

You are instructed that, if the defendant hauled any car over its line of railroad from or through any point in a defective condition, it is wholly immaterial that the defendant had no' shops, material, or facilities for repairing the defects at that place, if it can be shown that said car had started from a repair point upon the line of defendant's railroad in the same defective condition, and where such repairs could have been made had the defendant exercised reasonable diligence and foresight in providing such repair point with the proper material and facilities for the making of all repairs necessary to comply with the safety appliance act, your verdict should be for the government as to each and every car so hauled.

Your verdict should be for the government as to each and every car so hauled upon that state of facts.

The jury returned a verdict for the United States on the second, fourth, fifth, and eighth causes of action, and, not being able to agree as to the balance of the counts, was discharged.